IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 2 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | |
|---|---|
| PEDRO REYES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:12-CV-009-A |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Pedro Reyes, a state prisoner currently incarcerated in Amarillo, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred, in part, and denied, in part.

### I. Factual and Procedural History

On March 31, 2009, a jury convicted petitioner of aggravated assault with a deadly weapon in the 371st District Court of Tarrant County, Texas, and he was sentenced to twenty years'

confinement. (Pet. at 2-3; Resp't Prel. Resp., Ex. A) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on April 22, 2010. *Reyes v. State*, No. 02-09-097-CR, slip op. (Tex. App.-Fort Worth) (not designated for publication). Petitioner did not file a petition for discretionary review; thus his conviction became final under state law thirty days later on May 24, 2010.[1] *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). On November 23, 2011, petitioner filed a state postconviction application for habeas relief,[2] which was denied without written order by the Texas Court of Criminal Appeals on January 18, 2012.[3] *Ex parte Reyes*, Appl. No. WR-76,896-01. This federal petition is deemed filed on January 2, 2012, in which petitioner raises two grounds: (1) he received ineffective assistance of trial counsel and (2) the trial court failed to provide a hearing on his state habeas claims. Respondent, Rick Thaler, contends ground one is time-barred and ground two is not cognizable on federal habeas review. (Resp't

---

[1] May 22, 2010, was a Saturday.

[2] This date was confirmed via written correspondence with the Tarrant County District Clerk's Office.

[3] This date was confirmed on the state court's website.

2

Prel. Resp. at 2-8)

## II.  Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[4] For purposes of this provision, petitioner's conviction became final on May 24, 2010, triggering the one-year limitations period, which expired one year later on May 24, 2011, absent any tolling. See Roberts, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner's state habeas application filed on November 23, 2011, after the statute of limitations had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated

---

[4]Petitioner attempts to invoke the "factual predicate" exception under subsection (D)—i.e., the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under his first ground, petitioner claims trial counsel was ineffective in certain respects. According to petitioner, "through the exercise of due diligence he discovered he could file his state postconviction habeas application on December 8, 2011, and is timely." (Pet'r Mtn to Show Cause at 1) However, petitioner could have discovered the factual predicate of his ineffective-assistance claims at the time of trial when counsel committed the alleged acts and omissions. Thus, subsection (d)(1)(D) does not aid him.

4

that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, 130 S. Ct. 2549, 2563-64 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It is well settled that a petitioner's unfamiliarity with the legal process, ignorance of the law, lack of knowledge of filing deadlines, and pro se status do not excuse prompt filing. See *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Petitioner has not set forth any extraordinary circumstances justifying his delay in pursing state and federal postconviction relief.

Petitioner's federal petition was due on or before May 24, 2011, as to ground one. Accordingly, his petition filed on January 2, 2012, is untimely.

### III. State Habeas Proceedings

As to ground two, wherein petitioner claims the trial court failed to provide a hearing on his state habeas claims, the claim is not cognizable on federal habeas review. *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred as to ground one and denied as to ground two.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner failed to show his petition to be timely and to make "a substantial showing of the denial of a federal right."

SIGNED April _2_, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE